IN THE MATTER OF MARY MOE (No. 1). October 21, 1986.[1] *Minor*, Abortion. *Abortion.*

On October 16, 1986, a judge of the Superior Court, after hearing pursuant to G. L. c. 112, § 12S, found Mary Moe "mature and capable of giving informed consent." He ordered that "[s]he may, therefore, if she wishes, give informed consent to . . . an abortion pursuant to a decision reached in consultation with her physician in accordance with applicable law. Such an abortion may be performed without the consent of either of her parents."

---

[1] This decision originally appeared as an order under rule 1:28. See *post* 1101 (1986).

On the same day, a single justice of this court at the behest of her parents stayed the order of the Superior Court judge and further ordered that the matter be remanded to the Superior Court "for a further hearing which affords counsel for the parents [the opportunity] to present evidence on the merits and for a determination . . . whether said parents have any standing to assert any rights in such a proceeding."

Another hearing was held before the same Superior Court judge on October 20, 1986, at which the parents of Mary Moe were represented by counsel and were allowed to testify and introduce exhibits. Mary Moe again testified and was cross-examined by counsel for her parents. After this hearing, which was taped, the judge again found Mary Moe sufficiently mature to give her informed consent to an abortion. In fact, at the conclusion of the hearing the judge stated for the benefit of any appellate court that of the numerous hearings of this type he had conducted, Mary Moe was as mature as any young woman he had encountered seeking similar authorization.

The panel has listened to the tape. We are of opinion that the evidence amply supports the judge's findings and that the findings are in no sense clearly erroneous.

In view of *Bellotti* v. *Baird*, 443 U.S. 622, 647-648, 649 (1979), and G. L. c. 112, § 12S, there was no occasion for the single justice to stay the initial order of the Superior Court judge or to require that judge to afford the parents the right to participate in the proceedings.[2] See also *Planned Parenthood League* v. *Bellotti*, 641 F.2d 1006, 1011 n.8 (1st Cir. 1981); *Matter of Moe*, 12 Mass. App. Ct. 298, 301-305 (1981). Other general pertinent authorities include *Akron* v. *Akron Center for Reproductive Health*, 462 U.S. 416, 427 n.10, 438-442 (1983); *Planned Parenthood Assn.* v. *Ashcroft*, 462 U.S. 476, 490-491 (1983).

The judge has found that Mary Moe is in the eleventh week of her pregnancy. In view of the exigent circumstances, the rescript in this case shall issue forthwith.

*Order under G. L. c. 112, § 12S,*
*affirmed.*

*Edgar L. Kelly* for the parents.

*Jamie Ann Sabino (John H. Henn* with her) for the minor.

*Stephen S. Ostrach*, Assistant Attorney General, for the Attorney General, amicus curiae.

---

[2] "[E]very minor must have the opportunity — if she so desires — to go directly to a court without first consulting or notifying her parents. If she satisfies the court that she is mature and well enough informed to make intelligently the abortion decision on her own, the court must authorize her to act without parental consultation or consent." *Bellotti* v. *Baird*, 443 U.S. at 647.